## Keator *v.* Hunsicker, Appellant.

*Promissory notes—Affidavit of defense—Stock—Payment.*

In an action upon promissory notes the affidavit of defense set up that before the notes were given the plaintiff had in his hands a certificate for stock belonging to the defendant, and that when the notes were given defendant gave to plaintiff an option to buy certain of the shares represented by the certificate if the notes were not paid at maturity.  The affidavit of defense further averred that no demand for the payment of the notes was made at their maturity, that the stock certificate was still in the possession of the plaintiff, and that the defendant believed and expected to be able to prove that the notes were paid by the exercise of the option to take shares of stock to the extent required for payment.  *Held,* that the affidavit of defense was insufficient to prevent judgment.

Argued March 28, 1911.  Appeal, No. 5, Jan. T., 1911, by defendant, from order of C. P. No. 2, Phila. Co., Dec. T., 1908, No. 1,881, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Anna W. S. Keator, Executrix of the Last Will and Testament of John F. Keator, deceased, v. Clayton M. Hunsicker. Before FELL, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.  Affirmed.

Assumpsit on a promissory note.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. S. Freeman,* for appellant.

 *John F. Powell* and *Lester B. Johnson,* for appellee,
were not heard.

OPINION BY MR. CHIEF JUSTICE FELL, May 23, 1911:

This appeal is from an order making absolute a rule for
judgment for want of a sufficient affidavit of defense in an
action by the payee against the maker of two promissory
notes given for money borrowed.

It is averred in the affidavit of defense that prior to
giving of the notes, the plaintiff purchased of the defendant
seventy-eight shares of the stock of a corporation named,
and a certificate for 625 shares, with power to transfer,
was placed in the custody of the plaintiff under an agree-
ment, the terms of which are not set forth.  That when
the first note was given and as a part of the same trans-
action, the defendant gave to the plaintiff an option to
buy additional shares of the stock, if the note was not
paid at maturity, at $25.00 per share and authorized him
to take the shares from the certificate for 625 which he
held, and in which was included the seventy-eight shares
before sold.  A like agreement was made when the second
note was given, except that no price at which the stock
was to be taken in payment of the note was named.  It is
further averred that no demand for the payment of the
notes was made at their maturity, that the stock certifi-
cate is still in the possession of the plaintiff, and that the
defendant believes and expects to be able to prove that
the notes were paid by the exercise of the option to take
shares of stock to the extent required for payment.

The right to purchase the stock was to be exercised only
in the event of the nonpayment of the notes and to the
extent only that it might be necessary to pay them.  The
transaction was simply the borrowing of money, the giv-
ing of notes therefor and the pledging of stock as collateral
security with power to convert the collateral in case of
default in payment.  There has been no actual conversion.

The certificate is in the possession of the plaintiff in the form in which it was pledged. He has exercised no right in relation to it, except to retain it, nor has he done anything to give rise to the inference of an acceptance of the stock in payment. His holding of it is by virtue of a prior and independent agreement made before the money was borrowed. The averment with respect to the application of the stock to the payment of the note is not an averment of a fact but of a conclusion and is not only unsupported by any facts or circumstances justifying it, but is inconsistent with the facts alleged in the affidavit of defense.

The judgment is affirmed.